**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-26173-CIV-MARTINEZ**

JUAN FRANCISCO FARINA ARTEGA,

Petitioner,

v.

GARRETT J. RIPA, *et al.*,

Respondents.
_______________________________________/

**ORDER**

**THIS CAUSE** came before the Court on Petitioner Juan Francisco Farina Artega's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), [ECF No. 1]. In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondents to show cause why the Petition should not be granted. (*See* [ECF No. 5]). Respondents filed their Response [ECF No. 9] on September 14, 2026, and Petitioner filed a Reply [ECF No. 13] on September 21, 2026. Petitioner also filed a Supplemental Notice and Second Renewed Request for Immediate Release, ("Supplemental Notice"), [ECF No. 16]. The Court has considered the briefing and relevant law and is otherwise fully advised. For the reasons set forth below, the Petition is **GRANTED in part**.

Petitioner is a dual citizen of Spain and Venezuela. (*See* Pet. ¶ 1). He lawfully entered the United States in 2015 under the Visa Waiver Program, 8 U.S.C. § 1187 ("VWP"). (*Id.* ¶ 2). On July 14, 2015, Petitioner's wife applied for asylum, in which Petitioner is named as a derivative applicant, and the application remains pending. (*Id.* ¶ 4). Petitioner has maintained work authorization under 8 C.F.R. § 274a.12(c)(8). (*Id.* ¶ 6). On September 1, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner. (*Id.* ¶ 9). ICE issued Petitioner a Notice of

Intent to Issue a Final Administrative Removal Order on September 3, 2026, which summarized the Department of Homeland Security's ("DHS") case for removal and informed Petitioner he had 48 hours to contest removability. (*See* Not. of Intent [ECF No. 9-2]). On September 11, 2026, ICE issued a Final Administrative Removal Order, stating that DHS will proceed with removal unless a court issues an order staying removal or an asylum application is pending before the Executive Office for Immigration Review. (*See* [ECF Nos. 9-3, 10-2]).

Petitioner challenges the legality of his detention under 8 C.F.R. § 287.3(d) and the Fifth Amendment because his derivative asylum application remains pending. (*See* Pet. ¶¶ 45-74). The Respondents argue Petitioner is detained under 8 U.S.C. § 1231 because he is subject to an administratively final removal order. (*See* Resp. 4) (noting ICE issued a Final Administrative Removal Order on September 11, 2026). But the removal order is not final.

Section 1231 permits detention during "the removal period," which is a period of ninety days from the later of 1) the date the order of removal "becomes administratively final," 2) the date of the court's final order after a stay of removal, or 3) the date of release from non-immigration confinement. 8 U.S.C. §§ 1231(a)(1)(A)-(B). An order of removal "is administratively final when there are no further agency review proceedings to determine removability[.]" *See Nardella Mago v. Rogers*, No. 2:26-CV-00278-SPC-NPM, 2026 WL 532485 at *2 (M.D. Fla. Feb. 26, 2026) (citing *Johnson v. Guzman Chavez*, 594 U.S. 523, 531-35 (2021)). The Eleventh Circuit instructs that a VWP Final Administrative Removal Order is not considered a final order when asylum-only proceedings are pending. *See Nreka v. U.S Att'y General*, 408 F.3d 1361, 1367 (11th Cir. 2005). Likewise, the Federal Regulations do not permit summary removal of a VWP visitor with a pending asylum claim. *See* 8 C.F.R. § 217.4(b)(1) ("an alien who was admitted as a Visa Waiver Program visitor who applies for asylum in the United States must be issued a Form I-863 [Notice

of Referral to Immigration Judge] for a proceeding in accordance with 8 CFR 208.2(c)(1) and (c)(2)").

Here, Petitioner's September 11, 2026, Final Administrative Removal Order states, "DHS will proceed with your removal from the United States unless a court order is issued to stay your removal *or an application for asylum, withholding or deferral of removal is pending* before the Department of Justice, Executive Office for Immigration Review." (*See* [ECF Nos. 9-3, 10-2]) (emphasis added). Petitioner's derivative asylum application remains pending. (*See generally* Supp. Not.) Thus, Petitioner's Administrative Removal Order is not final. *See Nreka*, 408 F.3d at 1367. Moreover, ICE issued Petitioner a Form I-863 on September 24, 2026, a prerequisite to removal, but failed to file the Form I-863 with the immigration court. (*See* Supp. Not. 1-2). Thus, the October 19, 2026 hearing on Petitioner's pending asylum application never occurred, and 8 C.F.R. § 217.4(b)(1) prohibits his removal. (*See id.*)

Because the administrative proceeding to determine Petitioner's removability is ongoing, he is not subject to an administratively final removal order. Therefore, § 1226(a) authorizes Petitioner's detention, and he is not lawfully detained under § 1231. Pursuant to the authority of 8 U.S.C. § 1226(a), Petitioner is entitled to a bond hearing.[1]

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED in part**.

---

[1] Because the Court grants Petitioner's requested relief to order Respondent to provide a bond hearing, the Court does not separately assess Petitioner's due process claim. *See Bader v. Field Off. Dir.*, 833 F. Supp. 3d 1354, 1358 (S.D. Fla. 2026).

2. Within five (5) days of the date of this Order, Respondents must either: (1) provide Petitioner with a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a); or (2) release Petitioner from custody, under reasonable conditions of supervision.
3. Respondents must, within forty-eight (48) hours of the bond hearing or release, file a status report. If Respondents provided Petitioner with a bond hearing, the status report must indicate the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.
4. The Clerk is **DIRECTED** to **CLOSE** this case and **DENY as moot** all pending motions.

**DONE AND ORDERED** in Miami, Florida, this 2 day of November 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record